# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 20-0154V

|  |  |
|---|---|
| SARAH EICHORN,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: March 29, 2024 |

*Amber Diane Wilson*, Wilson Science Law, Washington, DC, for Petitioner.

*Alexis B. Babcock*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

  On February 14, 2020, Sarah Eichorn filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that suffered a shoulder injury related to vaccine administration (known as SIRVA) resulting from an influenza vaccine she received on October 25, 2018. Petition at 1-2. On November 7, 2023, I issued a decision awarding compensation to Petitioner, following briefing by the parties and participation in a Motions Day argument. ECF No. 44.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $70,466.04 (representing $69,891.40 in attorney's fees and $574.64 in attorney's costs). Petitioner's Application for Attorneys' Fees and Costs ("Motion") filed Nov. 21, 2023, ECF No. 47. The requested award is comprised of $54,335.30 (representing $54,265.30 in fees and $70.00 in costs) incurred by Petitioner's counsel of record, Wilson Science Law; and $16,130.74 (representing $15,626.10 in fees and $504.64 in costs) incurred by Petitioner's former counsel, Maglio Christopher and Toale Law). *Id.* at 1-2. In accordance with General Order No. 9, Petitioner filed a signed statement representing that Petitioner incurred no in out-of-pocket expenses. ECF No. 47-5.

Respondent reacted to the motion on December 5, 2023, representing that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case but deferring resolution of the amount to be awarded to my discretion. Motion at 2-3, ECF No. 48. Petitioner did not file a reply thereafter.

Having considered the motion along with the invoices and other proof filed in connection, I find reductions in the amount of fees and costs to be awarded appropriate, for the reasons set forth below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Hum. Servs.,* 24 Cl.

2

Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

The rates requested for work performed through the end of 2023 are reasonable and consistent with our prior determinations, and will therefore be adopted. ECF No. 47-1 at 1-12; ECF No. 47-2 at 1-12. However, one rate adjustment still is required.

Several tasks performed by Ms. Wilson are more properly billed using a paralegal rate.[3] "Tasks that can be completed by a paralegal or a legal assistant should not be billed at an attorney's rate." *Riggins v. Sec'y of Health & Hum. Servs.*, No. 99-382V, 2009 WL 3319818, at *21 (Fed. Cl. Spec. Mstr. June 15, 2009). "[T]he rate at which such work is compensated turns not on who ultimately performed the task but instead turns on the nature of the task performed." *Doe/11 v. Sec'y of Health & Hum. Servs.*, No. XX-XXXXV, 2010 WL 529425, at *9 (Fed. Cl. Spec. Mstr. Jan. 29, 2010). **This reduces the amount of fees to be awarded Amber Wilson at Wilson Science Law by $326.60**.[4]

Regarding the number of hours billed, I deem the *total* amount of time devoted to briefing entitlement and damages to be excessive. *See* Petitioner's Motion for Findings of Fact, filed Oct. 26, 2020, ECF No. 22; Petitioner's Reply, filed Feb. 19, 2021, ECF No. 28; Petitioner's Motion for a Decision on the Evidence, filed Mar. 28, 2022, ECF No. 33; Status Report, filed Apr. 27, 2022, ECF No. 36 (expressing Petitioner's wish to obtain a damages decision following briefing by the parties); Petitioner's Reply, filed Aug. 26, 2022, ECF No. 40. Petitioner's counsel expended approximately 24.9 hours drafting a motion for a factual ruling, 11.5 hours drafting a reply brief on the factual issue, 32.6 hours drafting a motion related to entitlement and damages, and 17.4 hours drafting a reply brief regarding damages, totaling 86.4.[5] hours. ECF No. 47-1 at 7-10. Even considering that

---

[3] These entries describe requests for medical records and the preparation and filing of exhibits, exhibit lists, and other basic documents, and are dated as follows: 5/18/20 (two entries), 5/19/20, 5/24/20, 6/3/20, 6/15/20, 10/26/20, 11/7/23, and 11/8/23. ECF No. 47-1 at 2-4, 12.

[4] This amount consists of ($345 - $163) x 1.5 hrs. + ($454 - $186) x 0.2 hrs. = $326.60.

[5] These totals are calculated as follows: 26.9 hours billed on 9/1/20 (two entries), 10/16/20 (four entries), 10/20/20 (three entries), 10/21/20 (two entries), 10/22/20 (two entries), 10/24/20 (two entries), 10/26/20,

this amount of time was spent producing four different documents, the time for each task was excessive. And this conclusion is further strengthened when considering that each prior task should have informed the subsequent drafting task, and thus, lessened the required time further.

My above calculation does not include time spent preparing the initial demand which would have informed this later work – 3.5 hours – and I am therefore awarding fees associated with that task in full.[6] Nor am I counting time spent communicating with Petitioner and preparing additional supporting documentation such as affidavits or signed declarations, which is also being awarded in full. *See,* e.g., ECF No. 47-1 at 8 (three entries dated 2/14/22, 2/28/21, and 3/11/22).

It is unreasonable for counsel to spend so much time briefing the issues of entitlement and damages in this case. I have identified numerous cases (which may reasonably be compared to time spent in this matter),[7] in which attorneys have accomplished this task in about half the time.[8] *See,* e.g., *Miller v. Sec'y of Health & Hum. Servs.,* No. 20-0959V (Feb. 5, 2024) (5.6 and 9.6 hours billed for drafting an entitlement brief and responsive brief and 6.7 and 6.2 hours billed drafting a separate, later damages brief and responsive brief); *Johnson v. Sec'y of Health & Hum. Servs.*, No. 19-1543V (Aug. 17, 2023) (17.8 and 9.7 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *Piccolotti v. Sec'y of Health & Hum. Servs.*, No. 20-0135V (June 8, 2023) (11.6 and 3.8 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *Merson v. Sec'y of Health & Hum. Servs.*, No. 18-0589V (May 18, 2023) (9.8 hours billed for drafting an entitlement and damages brief – although some time was doubtlessly saved by my March 9, 2020 factual ruling finding an appropriate pain onset); *C.H. v. Sec'y of Health & Hum. Servs.*, No. 20-0249V (May16, 2023) (12.9 and 6.1 hours

---

2/15/21, and 2/19/21 (the last two entries mistakenly billed at the 2020 hourly rate), by Amber Wilson, at a rate of $345; 9.5 hours billed on 2/15/21, 2/19/21 (two entries), 2/20/21 (two entries), 2/22/21, by Amber Wilson, at a rate of $378; 43.9 hours billed on 2/1/22 (two entries), 2/9/22, 2/10/22 (four entries), 2/11/23 (two entries), 2/13/22 (two entries), 3/17/22 (two entries), 3/21/22, 3/22/22, 3/24/22, 3/28/22 (two entries), 8/11/22 (three entries), 8/15/22, 8/17/22, and 8/25/22, by Amber Wilson at a rate of $427; and 6.1 hours billed on 8/15/23, 8/17/23, and 8/21/23, by Amber Wilson at a rate of $454.

[6] This time was billed by Amber Wilson, using an hourly rates of $378 and $427. ECF No. 47-1 at 6-7.

[7] Special masters may use comparisons to attorneys performing similar tasks to determine if hours are excessive. *See Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1518-1521 (Fed. Cir. 1993).

[8] These decisions can be found on the United States Court of Federal Claims website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc (last visited Mar. 24, 2024).

4

billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively).

The circumstances of this case did not warrant devoting so much time to briefing. Petitioner filed her initial brief less than six months after the case was activated from PAR to the SPU and prior to the completion of the HHS review. *See* ECF Nos. 9, 22 (showing activation on March 6, 202, and the motion filed on October 26, 2020). And Petitioner filed her motion related to damages before the parties attempted to reach an informal resolution. *See* ECF Nos. 33-34 (showing Petitioner's motion was filed the same day as my entitlement determination).

Furthermore, I ultimately was required to determine only the appropriate amount of damages. *Eichorn v. Sec'y of Health & Hum. Servs.,* No. 20-0154V, 2023 WL 8525127 (Fed. Cl. Spec. Mstr. Nov. 7, 2023). Although Respondent contended Petitioner should not receive any award for future pain and suffering, the parties' views of the appropriate amount of past pain and suffering differed by only $15,000.00 - Petitioner sought $85,000.00, and Respondent countered with $70,000.00. *Id.* at *4-5. I ultimately awarded $78,000.00 for past pain and suffering and $7,259.62 for future pain and suffering. *Id.* at *8.

Of course, having prevailed in this case, a fees award is generally appropriate. *See* ECF No. 42. But the Act permits only an award of a *reasonable amount of* attorney's fees. Accordingly, I will reduce the sum to be awarded for briefing (**a total of 86.4 hours, or $34,386.20)** by *thirty percent.* Such an across-the-board reduction (which I am empowered to adopt)[9] fairly captures the overbilling evidenced by this work, without requiring me to act as a "green eye-shaded accountant" in identifying with specificity each objectionable task relevant to this one sub-area of work performed on the case. **This results in a further reduction of the attorney's fees to be awarded Amber Wilson at Wilson Science Law of $10,315.86.**[10]

---

[9] Special masters are permitted to employ percentage reductions to hours billed, provided the reduction is sufficiently explained. *See,* e.g., *Abbott v. Sec'y of Health & Hum. Servs.,* 135 Fed. Cl. 107, 111 (2017); *Raymo v. Sec'y of Health & Hum. Servs,* 129 Fed. Cl. 691, 702-704 (2016); *Sabella v. Sec'y of Health & Hum. Servs.,* 86 Fed. Cl. 201, 214 (2009).

[10] This amount is calculated as follows: (26.9 hrs. x $345 x .30) + (9.5 hrs. x $378 x .30) + (43.9 hrs. x $427 x .30) + (6.1 hrs. x $454 x .30) = $10,315.86.

## ATTORNEY COSTS

Petitioner requests $574.64 for attorney's costs, and has provided supporting documentation for all claimed attorney costs. ECF No. 47-2 at 14-30; ECF No. 47-1 at 12-20. Additionally, Respondent offered no specific objection to the rates or amounts sought. Thus, I will award the amount of attorney's costs sought in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded the total amount of $59,823.58[11] as follows:**

- **A lump sum of $43,692.84, representing $43,622.84 for attorney's fees and $70.00 in attorney's costs, in the form of a check payable jointly to Petitioner and Petitioner's current counsel, Amber Wilson, and forwarded to Wilson Science Law, 1629 K Street, N.W., Ste 300, Washington, DC 20006; and**

- **A lump sum of $16,130.74, representing $15,626.10 for attorney's fees and $504.64 for attorney's costs, in the form of a check payable jointly to Petitioner and Petitioner's former counsel, Maglio, Christopher, and Toale, PA, and forwarded to Maglio, Christopher & Toale, PA, 1605 Main Street, Suite 710, Sarasota, Florida 34236.**

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[12]

---

[11] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[12] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master